IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA M. BUSH | * | |
|     Plaintiff, | | |
|     v. | * | Civil Action Case No. JFM-11-1410 |
| JUDGE CATHERINE C. BLAKE | * | |
| JUDGE DEBORAH K. CHASANOW | | |
| JUDGE BENSON E. LEGG | * | |
| JUDGE ROGER W. TITUS | | |
| JUDGE PETER J. MESSITTE | * | |
| JUDGE ALEXANDER WILLIAMS, JR. | | |
|     Defendants. | * | |
| | *** | |

MEMORANDUM

Plaintiff Barbara M. Bush ("Bush") continues on conditional release while her federal criminal charges are pending. *See United States v. Bush*, Criminal No. L-06-0202 (D. Md.). This self-represented complaint, filed on May 24, 2011, raises damage claims under the Federal Tort Claims Act ("FTCA") or 28 U.S.C. § 2671 against federal employees, specifically six members of the district court bench. Bush alleges that: (1) judges have refused to perform their duty under 42 U.S.C. § 3602 throughout 1999-2011; (2) she has been injured and caused to experience false imprisonment, assault, battery, abuse of process, and malicious prosecution; and (3) their acts caused her to reside in local and federal prison facilities and to be physically, financially and mentally damaged. ECF No. 1.

Bush has filed neither the civil filing fee of $350.00 nor a request for waiver of the filing fee. This omission is, however, of no moment. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* ---

U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). A complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569 (2007). If a party does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. Nonetheless, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *see also Bertin v. United States,* 478 F.3d 489, 491 (2$^d$ Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest.") (internal quotations marks and citations omitted).

The self-represented complaint is difficult to decipher and shall be generously interpreted. It would appear that Bush has issues with the "negligent" manner in which her claims and cases have been determined over the past twelve years and accuses the court of bias and prejudice. She does not, however, explain what claims she is referencing except to state that relief has been denied under the Fair Housing Act or 42 U.S.C. § 3602, *et seq*.[1] Further, she provides no factual allegations addressing her claims.

Bush wishes to raise claims under the FTCA. Pursuant to 28 U.S.C. § 2679(d), any civil action or proceeding certified by the Attorney General to involve a defendant employee acting

---

[1] Bush makes reference to *Bush v. Davis, et al.*, Civil Action No. AMD-09-2002. In that complaint, summarily dismissed without prejudice, Bush alleged that FHA violations occurred in regard to an accommodation for her disabilities and she should have been leased a first floor apartment. The complaint was dismissed for Bush's failure to discuss: how alleged disabilities were communicated to named parties; whether an accommodation was refused outright; and how the named parties were involved in the alleged FHA violations.

within the scope of his office or employment at the time of the incident, is deemed an action against the United States. *See Iodice v. United States,* 289 F.3d 270, n. 1 (4th Cir. 2002).

In this instance, however, an FTCA action against a federal judge is barred by judicial immunity. 28 U.S.C. § 2674 of the FTCA provides in relevant part:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.

Bush's FTCA claim is based on an indisputably meritless legal theory because federal judges are immune from "liability for damages for acts committed within their judicial jurisdiction." *Imbler v. Patchman,* 424 U.S. 409, 419 (1976). The FTCA is a limited waiver of sovereign immunity, which makes the United States liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. *See United States v. Orleans,* 425 U.S. 807, 813 (1976). The United States, however, is liable "in the same manner and to the same extent as a private individual under like circumstances" under the FTCA only to the limited extent that it has waived sovereign immunity. 28 U.S.C. §§ 1346(b) & 2674. Here, the named judges were clearly acting within their "judicial jurisdiction" while presiding over Bush's cases and would be entitled to absolute judicial immunity. Because Judges Blake, Chasanow, Legg, Titus, Messitte, and Williams would be entitled to this absolute immunity, the United States, even if properly named as a defendant in Bush's complaint, would be immune from suit as well. *See e.g., Tinsley v. Widener,* 150 F.Supp.2d 7, 12 (D. D.C. 2001) (judicial immunity protects United States from FTCA suit).

Accordingly, the court finds that Bush's FTCA claim is frivolous and fails to state a claim upon which any relief could be granted. The court shall dismiss Bush's complaint by separate Order.

Date: __June 9, 2011_____  \_\_\_\_\_/s/_____
J. Frederick Motz
United States District Court Judge